UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                    :

WORLD WIDE PLUMBING SUPPLY INC.,    :   **MEMORANDUM**
                    :   **DECISION AND ORDER**

           Plaintiff,    :

                    :   11 Civ. 5091 (BMC)

     - against -          :

                    :

DDI SYSTEM LLC,          :

                    :

           Defendant.   :
--------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff World Wide Plumbing Supply Inc. ("WWP") has brought this action concerning

WWP's purchase of a computer system from defendant DDI System LLC ("DDI"). The matter is

already in litigation, as DDI previously commenced an action against WWP in Connecticut

Superior Court for the unpaid balance of the contract. Contemporaneously with commencing the

instant action, WWP has moved for a temporary restraining order and a preliminary injunction

preventing DDI from initiating or continuing any legal action against WWP outside of New York

State. In the alternative, WWP has moved this Court to enjoin DDI from prosecuting the

Connecticut action.

      WWP's motion has no merit and is denied.

      First, this Court is explicitly prohibited from granting the restraining order and injunction

that WWP seeks under the Anti-Injunction Act, 28 U.S.C. § 2283. "The Anti-Injunction Act

prohibits a district court from granting an injunction staying a state court proceeding 'except as

expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

protect or effectuate its judgments.'" Spiegel v. Schulmann, 604 F.3d 72, 79 (2d Cir. 2010)

(quoting 28 U.S.C. § 2283). None of these exceptions apply here. It is of no significance that WWP seeks an injunction against DDI rather than the Connecticut Court, as "the prohibition of § 2283 cannot be evaded by addressing the order to the parties." Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287, 90 S. Ct. 1739 (1970).

Second, WWP has failed to establish irreparable harm, which is required both for a temporary restraining order and for a preliminary injunction. See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002). WWP asserts that it has no contacts with Connecticut and thus it is not subject to personal jurisdiction there. It contends that allowing that case to proceed would cause WWP irreparable harm by depriving WWP of its constitutional rights, subjecting plaintiff to the expense of hiring Connecticut counsel, and because a Connecticut judgment could be inconsistent with a judgment issued by this Court. As an initial matter, "mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." Bruce v. Martin, 680 F. Supp. 616, 621 (2d Cir. 1988) (quoting Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24, 94 S. Ct. 1028 (1974)). Moreover, if indeed DDI bases its assertion of personal jurisdiction over WWP in Connecticut on a fraudulently obtained forum selection clause, as WWP contends, no doubt the Connecticut court has the power to impose appropriate sanctions to eliminate any costs and attorneys' fees that WWP incurs in defending the action there. See generally Hirschfield v. Machinist, 131 Conn. App. 364, 369, 27 A.3d 395 (Conn. 2011) (trial courts have inherent authority to impose sanctions for harassing litigation).

Additionally, WWP has ignored its ability to address the Connecticut Court's alleged lack of personal jurisdiction over WWP without resorting to an injunction from this Court. WWP can either contest the validity of the forum selection clause it claims is fraudulent in

2

Connecticut, or it can fail to appear and allow a default judgment to be entered against it. If WWP truly has no contacts with Connecticut, then no execution will be effective in Connecticut and the judgment will not be recognized by a court in New York. See, e.g., N.Y. ex rel. Halvey v. Halvey, 330 U.S. 610, 614, 67 S. Ct. 903 (1947) ("If the court of the State which rendered the judgment had no jurisdiction over the person or the subject matter, the jurisdictional infirmity is not saved by the Full Faith and Credit Clause."); Hunt v. Hunt, 72 N.Y. 217, 240 (N.Y. 1878) ("There are numerous authorities . . . to the effect that a judgment of another State, got against a resident of this State, and who has never been a citizen of that, without personal service of process or voluntary appearance, is not a valid judgment, and may be inquired into in our courts, and on such facts appearing may be disregarded as having been rendered without jurisdiction."). WWP has therefore failed to establish irreparable harm.

Finally, although perhaps most fundamentally, WWP has failed to properly invoke this Court's subject matter jurisdiction. Although WWP alleges that DDI is a Connecticut corporation, the "LLC" after its name shows that it is not, and indeed, its state court complaint alleges that it is a limited liability company. As a limited liability company, DDI's citizenship is not determined with reference to its state of formation or its principal place of business. See Carden v. Arkoma Assoc., 494 U.S. 185, 195-96, 110 S. Ct. 1015 (1990); Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000); United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 302 (2d Cir. 1994); Szewczyk v. Wal-Mart Stores, Inc., No. 3:09cv1449, 2009 U.S Dist. LEXIS 96781, at *6-7 (D.Conn. Oct. 19, 2009); Sessing v. Gateway Ctr. Props., LLC, No. 09 Civ. 2485, 2009 U.S. Dist. LEXIS 55254, at *2-3 (E.D.N.Y. June 30, 2009). Instead, WWP is required to plead the identity and citizenship of each member of the LLC as each of their citizenships is

3

imputed to the LLC. If any members of the LLC are themselves LLCs, partnerships, limited partnerships, or other unincorporated entities, WWP must plead the citizenship of each until the citizenship of all individuals and corporations having a direct or indirect ownership interest in DDI is set forth. If WWP does not know or cannot plead these facts consistent with its obligations under Federal Rule of Civil Procedure 11, the case cannot be brought in this Court.

The deficiencies in WWP's motion and invocation of this Court's jurisdiction are so palpable that they suggest that this action and the motion are simply an attempt to interfere with pending litigation in the courts of Connecticut, in violation of the Anti-Injunction Act and basic principles of comity. WWP's counsel is therefore ORDERED TO SHOW CAUSE by October 27, 2011 why sanctions should not be imposed for the bad faith filing of this action and motion pursuant to Rule 11.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
   October 20, 2011

4